**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

HOLLIE TOLER, JR.,
<u>Plaintiff-Appellant,</u>

v.

PINE RIDGE COAL COMPANY; PEABODY
LONG TERM DISABILITY PLAN FOR
SALARIED EMPLOYEES,
<u>Defendants-Appellees.</u>

No. 97-1131

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CA-95-1116-2)

Argued: October 1, 1997

Decided: December 17, 1997

Before WIDENER and MICHAEL, Circuit Judges, and
THORNBURG, United States District Judge for the
Western District of North Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Roger Daniel Forman, FORMAN & CRANE, L.C.,
Charleston, West Virginia, for Appellant. Michael James Florio,
STEPTOE & JOHNSON, Clarksburg, West Virginia, for Appellees.
**ON BRIEF:** C. David Morrison, STEPTOE & JOHNSON, Clarks-
burg, West Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The appellant Toler appeals the judgment of the district court granting defendants' motion for summary judgment in his appeal of the decision by Peabody Long Term Disability Plan to terminate his long term disability benefits in September of 1995. We affirm the district court.

I.

Toler was injured while working for Pine Ridge Coal Company in December of 1993, and received long term disability benefits until the Program Administrator, Peabody Long Term Disability Plan ("the Plan"), reviewed his claim and suspended payments in May of 1995.

The review of Toler's claim was prompted when his treating physician, Dr. Zahir, released him for work as of February 6, 1995. Subsequent to his release, Toler did not return to work, nor did he inform Pine Ridge of his release. Eastern Associated Coal Corporation is the company adopted by Pine Ridge to act as the claim administrator under the Plan. Eastern's representative, Paula Sgro, sent Toler a letter on February 9 requesting that he submit proof of his disability by returning a claim form within the following 30-day period. Toler went to Dr. Robert Clubb, a neurologist, to have the claim form completed. Dr. Clubb, however, did not fill out the portions of the form critical for assessing the extent of Toler's alleged continuing disability.

Sgro then sent another letter to Toler requesting that he resubmit a claim form, and extended the deadline until April 30, 1995. The form, signed by Dr. Clubb and hand-delivered by Toler on March 29, indicated that Toler was "temporarily" totally disabled for his current occupation or any other. This report contradicted a letter sent by Dr. Clubb in July 1994, and a form that he submitted to the workers'

2

compensation fund on March 28, 1995, both of which indicated that Toler could return to a "sedentary type job."

Because of this apparent contradiction, Sgro requested additional information from Dr. Clubb on March 29, 1995. Toler hand-delivered the letter to Dr. Clubb, and later informed Sgro that Dr. Clubb refused to provide any further information regarding his condition. Toler then took the form to Dr. Zahir. The summary judgment record indicated the form was completed by Dr. Zahir's staff, based upon his notes, which stated that Toler was not disabled for his regular occupation or any other occupation, and that he was able to return to work as of February 6, 1995. The form as delivered to Sgro had been altered to indicate that Toler was totally disabled for an indefinite period of time, and that a referral to another physician had been made. A copy of the original form was faxed to Sgro by Dr. Zahir's office which revealed the alterations.

Based upon a review of this information, Garry Groves, the person chosen to evaluate the claim by Eastern, decided to terminate Toler's benefits and notified him of this by letter on May 16, 1995. The letter informed Toler of the basis for the decision and of his right to submit a written request for a formal review of the decision. After receiving notice that his benefits were terminated, Toler submitted a form from a psychiatrist, Dr. Esther McMahon, indicating that she had treated Toler for depression but could not determine whether Toler's psychiatric condition rendered him totally disabled. He also submitted a form by a doctor of osteopathic medicine, Dr. Anthony Flaim, indicating that Toler was totally disabled for his regular occupation or any other occupation.

On July 10, 1995, Groves sent Toler a letter informing him that any forms submitted after the May 16 date of decision would not be considered in the review process. Toler then sent a written request for a review of the decision. The review was conducted by Sharon Shergen for the Plan Administrator, who considered all the relevant documents and affirmed the denial of benefits to Toler.

II.

We review this appeal of the grant of summary judgment de novo.

3

In cases where the benefit plan grants the administrator or fiduciary discretionary authority to determine eligibility or to construe the terms of the plan, the denial decision must be reviewed for abuse of discretion. . . . [A] reviewing court determines de novo whether the ERISA plan confers discretionary authority on the administrator or fiduciary and, if so, whether the administrator or fiduciary acted within that discretion.

Ellis v. Metropolitan Life Ins. Co., #6D 6D6D# F.3d ___, 1997 WL 560079 at *3 (4th Cir. Sept. 10, 1997) (internal citations omitted).

A.

Appellant contends first that the Plan Administrator acted illegally in setting a deadline for the submission of information supporting the claim for disability. An examination of the Plan reveals that Peabody Coal Company is designated as the Plan Administrator, who in turn appoints a claim administrator to act as its fiduciary and delegate duties under the plan. The Plan states explicitly that the Administrator may "make and enforce such rules and regulations as it deems necessary or proper . . . [and] interpret the Plan, with its interpretation being final and conclusive."

It is clear that the Plan confers discretionary authority on the fiduciary, and therefore the conduct of the administrator must be reviewed according to an abuse of discretion standard. Id.

Under this deferential standard, the administrator or fiduciary's decision will not be disturbed if it is reasonable, even if this court would have come to a different conclusion independently. . . . Such a decision is reasonable if it is "the result of a deliberate, principled reasoning process and if it is supported by substantial evidence."

Id. (internal citations omitted).

Appellant's argument that Sgro, as the fiduciary, illegally set a deadline for the submission of information to support his claim is

4

without merit, given that the Plan explicitly gives the administrator the power to make and enforce rules and regulations. The Plan further requires the applicant to provide the administrator with such information and evidence as might be needed for a review of the claim. Even if the administrator were to fail in following the procedural requirements of the Plan, "the constitutional requirement of procedural due process has no place in the functions of a private entity, even one so highly regulated as the insurance industry has become under ERISA's pervasive aegis." Groft v. Health Care Corp. of Mid-Atlantic, 792 F. Supp. 441, 443 (D. Md. 1992), aff'd, 991 F.2d 789 (4th Cir. 1993); accord, Sheppard & Enoch Pratt Hospital v. The Travelers Ins. Co., 1993 WL 733870 (D. Md. 1993), aff'd, 32 F.3d 120 (4th Cir. 1994).

B.

Appellant's second ground for appeal is the contention that the decision to deny benefits is not supported by the evidence. As noted above, if the decision is reasonable, it is not an abuse of discretion. Ellis, supra. A decision is reasonable if supported by substantial evidence. Id. The physician, Dr. Zahir, who initially certified appellant for benefits, concluded that he could return to work with no limitations. Dr. Clubb's opinions, however, were inconsistent and therefore the administrator was not compelled to accept either of them. Brogan v. Holland, 105 F.3d 158, 162 (4th Cir. 1997). Even if we were to ignore the inexplicable alteration of Dr. Zahir's original form, the internal inconsistencies in the document permit the Administrator to disregard the entire document as evidence of appellant's on-going disability.

The Administrator's rule barring additional evidence of appellant's claim beyond the already extended deadline of May 16, 1995, was within its rulemaking authority granted under the Plan. The record indicates that during its review of the decision to deny benefits, the Administrator used its discretion to consider the opinions of Dr. Flaim and Dr. McMahon, both of which were submitted after the deadline, and found them to be less than persuasive.

The decision by the Plan Administrator in this case is clearly supported by substantial evidence, is reasonable and therefore is not an abuse of discretion.

5

The decision of the district court is, therefore,

<u>AFFIRMED</u>.

6